IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICHARD "BUD" STEEN, and<br>LLOYDENE STEEN,<br><br>           Plaintiffs,<br><br>     vs.<br><br>ROBERT MURRAY, Individually;<br>LAMSON, DUGAN & MURRAY, LLP; and<br>RYAN BOE,<br><br>           Defendants. | CASE NO. 8:13CV43<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Judgment on the Pleadings (Filing No. 41) filed by Defendants Robert Murray ("Murray"), Ryan Boe ("Boe"), and Lamson, Dugan & Murray, LLP ("Lamson Dugan") (collectively "Defendants").  Also before the Court is the Motion to Retransfer Case or Retain Pursuant to 28 U.S.C. § 1404(a) (Filing No. 47), filed by the Plaintiffs Richard "Bud" Steen and Lloydene Steen (collectively "Plaintiffs" or the "Steens"). The parties have submitted briefs (Filing Nos. 42, 46, 48, 49, 50, and 51) in support of their respective positions. For the reasons stated below, Plaintiffs' Motion to Retransfer will be denied, and Defendants' Motion for Judgment on the Pleadings will be granted.

**FACTUAL BACKGROUND**

In 2003, the Defendants represented the Plaintiffs to help them avoid foreclosure on their Iowa farmland.  (Filing No. 32 ¶ 10; Filing No. 33 ¶ 5; see also Filing No. 1 at CM/ECF p. 5.)  Plaintiffs allege that, at the time of the representation, neither Murray nor Boe was licensed to practice law in Iowa.  (Filing No. 32 ¶ 2.)  In connection with their representation of the Plaintiffs, Defendants Murray and Boe drafted a Real Estate

Purchase Agreement (the "Purchase Agreement") between Plaintiffs and AGR-Keast. (Filing No. 33 ¶ 6; *see also* Filing No. 1 at CM/ECF pp. 5-9.[1])  Boe also drafted an Option to Lease/Purchase Real Estate ("Option").  (Filing No. 25-3 at CM/ECF pp. 27-29.)  The Plaintiffs allege that at the time the Purchase Agreement and Option were drafted, Defendants also represented AGR-Keast, the purchaser.  (Filing No. 32 ¶ 15.)

Plaintiffs allege that Defendants committed legal malpractice in drafting the Purchase Agreement and Option. (*See generally* Filing No. 32.) Specifically, Plaintiffs allege that they retained Defendants to "draft a first option to purchase or right of first refusal" but Defendants "instead drafted an unrestricted option in favor of the purchaser of [Plaintiffs'] other property." (*Id*. ¶¶ 10–14.)  Plaintiffs further allege that they did not know Defendants were also representing the purchaser; that Defendants "included language to favor that purchaser;" and that Defendants "failed to disclose to Plaintiffs their divided loyalties." (*Id*. ¶¶ 15–21.) Plaintiffs allege that they discovered Defendants' malpractice in October 2008.  (*Id.* ¶ 20.)  Based on these allegations, Plaintiffs assert that Defendants failed to exercise appropriate care, breached the parties' contract, and breached ethical duties.  (*Id*. at ¶ 18, 24, 26.)  Plaintiffs further allege that because the Option was incorrectly drafted, they incurred significant litigation expenses.  (*Id.* at ¶ 17.)

---

[1] Plaintiffs' Third Amended Complaint (Filing No. 32) does not include the Purchase Agreement; however, the Purchase Agreement is attached to the original complaint at Filing No. 1 at CM/ECF pp. 5-9. The Option appears at Filing No. 25-3 at CM/ECF pp. 27-29.  Both documents are incorporated by reference into the Third Amended Complaint. *Id.*; Filing No. 46 at 2 n. 1.

## PROCEDURAL BACKGROUND

Plaintiffs filed this action on July 20, 2012, in the United States District Court for the Southern District of Iowa (Filing No. 1.) On October 4, 2012, Defendants moved to transfer the case to the United States District Court for the District of Nebraska under the provisions of 28 U.S.C. § 1406(a), due to improper venue. (Filing No. 25.) Plaintiffs resisted the Motion to Transfer, arguing that a substantial part of the events giving rise to Plaintiffs' claims occurred the Southern District of Iowa and, therefore, venue was proper under 28 U.S.C. § 1391(b). The Southern District of Iowa granted the Motion, concluding that venue in Iowa was improper. That court reasoned that under controlling precedent in the United States Court of Appeals for the Eighth Circuit, it was required to focus on the location of the Defendants' alleged wrongful activities. (Filing No. 34 at 5 (citing *Woodke v. Dahm*, 70 F.3d 983, 985–86 (8th Cir. 1995).) The court determined that each of Defendants' alleged wrongful acts or omissions took place in Nebraska, and Plaintiffs failed to meet their burden of establishing venue in Iowa. (*Id.* at 9.)

## DISCUSSION

### I. Motion to Retransfer

#### A. Standard

The Court first considers the Plaintiffs' Motion to Retransfer. Plaintiffs argue that the Court should retransfer the case because venue was proper in Iowa. In the alternative, Plaintiffs request that the Court consider the transfer as one under 28 U.S.C. § 1404(a) for the convenience of the parties, rather than § 1406(a) for improper venue.

3

Motions to retransfer are not readily granted, and are only appropriate where the ruling of the transferor court is clearly erroneous and would result in manifest injustice. *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1370 (11th Cir. 2003); 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, Jurisdiction and Effect of Transfer, Juris. § 3846 (3d ed.).  Such motions are governed by the doctrine of the law-of-the-case.  "As most commonly defined, the doctrine [of the law-of-the-case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).  "The law-of-the-case doctrine applies as much to decisions from coordinate courts as it does to the court's own decisions, including transfer decisions." *Id*.  The Supreme Court has stated that the doctrine applies "with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation."  *Id*. (citations omitted); *see also Chrysler Credit Corp. v. Chrysler Country, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (stating that "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court, including its transfer order."); *Moses v. Business Card Exp. Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (explaining that law-of-the-case doctrine applies to transfer decisions to prevent litigants from being forced into "jurisdictional ping-pong.").

B.    Analysis

The decision issued by the Southern District of Iowa was not clearly erroneous. The Southern District of Iowa relied on the Eighth Circuit's decision in *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995). In *Woodke*, the Eighth Circuit interpreted the phrase "events or omissions giving rise to the claim," within § 1391(b)(2), to indicate that "Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Id.* at 985.

Here, the Southern District of Iowa determined that Defendants' alleged failure to disclose the dual representation occurred when Murray learned from the Plaintiffs that they reached an agreement to sell their land to AGR-East. (Filing No. 34 at 6-7.) Plaintiffs informed Murray of this potential conflict through a telephone call to Murray at his office in Omaha, Nebraska. (*Id.* at 6.) The Southern District of Iowa also reasoned that the drafting of the Option and all legal work leading to the drafting of the Option occurred in Nebraska. (*Id.* at 8.) Finally, the court was not persuaded by Plaintiffs' argument that venue would be proper in Iowa because the injury occurred there. (*Id.* at 9 n. 8.) The court reasoned that under Eighth Circuit precedent, venue is proper not where the events giving rise to damages occurred, but where the events giving rise to the *action* occurred. (*Id.* (citing *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997).). The Southern District of Iowa applied a reasonable interpretation of Eighth Circuit precedent to the facts of this case. Plaintiffs have not met their heavy burden of demonstrating that a previous order was clearly erroneous. Accordingly, the transfer Order (Filing No. 34) will not be disturbed.

## II. Motion For Judgment on the Pleadings

### A. Standard

"Judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010) (citing *Faibisch v. Univ. of Minn.,* 304 F.3d 797, 803 (8th Cir. 2002)). This is "the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "To survive a motion to dismiss, the factual allegations in a complaint, assumed true, must suffice 'to state a claim to relief that is plausible on its face.'" *Northstar Indus., Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 832 (8th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

### B. Analysis

Plaintiffs have invoked the Court's diversity jurisdiction under 28 U.S.C. §1332. Defendants argue that they are entitled to judgment on the pleadings because Plaintiffs' claims are barred by Nebraska's statutes of limitations. Plaintiffs counter that more lenient Iowa statutes of limitations should control. For purposes of this analysis, the Court will assume, without deciding, that Iowa substantive law applies to the Plaintiffs' causes of action as the Plaintiffs assert.

#### 1. Nebraska's Choice-of-Law Rules Apply to this Action

First, the Court must determine which state's choice-of-law rules apply. Courts generally employ the forum state's choice-of-law rules. *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1123 (8th Cir. 2012) (citing *Eggleton v. Plasser & Theurer Exp. Von*

*Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 585 (8th Cir. 2007)); *see also In re Derailment Cases*, 416 F.3d 787, 794–95 (8th Cir. 2005). Exceptions to this rule exist where a case was transferred for the convenience of the parties. The Eighth Circuit explained that where "a district court in one state transfers an otherwise properly filed case to a district court in another state solely '[f]or the convenience of parties and witnesses,' 28 U.S.C. § 1404(a), the transferee court applies the choice-of-law rules of the state in which the transferor court sits." *Eggleton*, 495 F.3d at 585-86 (quoting *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990)). However, where, as here, a case has been transferred under § 1406(a), the Eighth Circuit has determined that the choice-of-law rules of the transferee court apply. *Eggleton*, 495 F.3d at 585 (citing *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997)). Accordingly, the Court will apply Nebraska's choice-of-law rules.

    2.  **Plaintiffs' Claims are Barred by the Applicable Statutes of Limitations**

Before 2006, Nebraska's statutes of limitations were applied to actions litigated in Nebraska, because statutes of limitations were considered to be procedural rather than substantive. *See Grand Island Exp. v. Timpte Indus., Inc.*, 28 F.3d 73, 74 (8th Cir. 1994); *Player Pianette, Inc. v. Dale Electronics, Inc.*, 478 F.2d 336 (8th Cir.1973); *Ndunguru v. Kone, Inc.*, 8:07CV286, 2008 WL 53603, at *1 (D. Neb. Jan. 2, 2008); *Whitten v. Whitten*, 250 Neb. 210, 212-13, 548 N.W.2d 338, 340 (1996) ("Because application of the statute of limitations is a procedural matter, Nebraska's statute of limitations governed, rather than that of . . . the state where the cause of action allegedly arose."); *see also* 5 Neb. Prac., Civil Procedure § 5:33 ("Presumably, the Nebraska statute of limitations would apply on the ground that statutes of limitations

7

have been classified as procedural rather than substantive for choice of law purposes."). The Eighth Circuit also noted that, prior to 2006, Nebraska followed Restatement (Second) of Conflict of Laws § 142(1), which states that "[a]n action will not be maintained if it is barred by the statute of limitations of the forum." *Eggleton*, 495 F.3d at 584 (citing *FDIC v. Nordbrock*, 102 F.3d 335, 338 (8th Cir.1996).

In 2006, the Nebraska Legislature adopted the Uniform Conflict of Laws Limitation Act ("UCLLA"), Neb. Rev. Stat. §§ 25-3201 through 25-3207 (Reissue 2008). The UCLLA provides that when a claim is based on the substantive law of Nebraska, Nebraska statutes of limitations will apply. Neb. Rev. Stat. § 25-3203(1)(b). If a claim is based on the substantive law of another state, however, then the other state's statutes of limitations will apply, as well as the other state's accrual and tolling rules. §§ 25-3203(a), 25-3204. The UCLLA applies only to claims "accruing after July 14, 2006." § 25-3206.

Defendants contend that because Plaintiffs' claims accrued before July 14, 2006, they are not governed by the UCLLA, and are barred under the applicable Nebraska statutes of limitations. Plaintiffs argue that their claims accrued after July 14, 2006, and, therefore, the UCLLA dictates that Iowa's statutes of limitations apply. To resolve this conflict, the Court must determine when Plaintiffs' claims accrued.

As established above, "[a] federal court sitting in diversity applies the statute-of-limitations rules of the forum." *Great Plains Trust Co. v. Union Pac. R. Co.*, 492 F.3d 986, 992 (8th Cir. 2007) (citing *Nettles v. Am. Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir.1995)); *see also Kan. Pub. Employees Ret. Sys. v. Reimer & Koger Assocs., Inc.*, 61 F.3d 608, 611 (8th Cir.1995) (explaining that federal courts generally apply the forum

state's limitations provisions where the issue is not governed by federal statute).  The forum state's statute of limitations rules govern accrual of the claim.  See id. Accordingly, Nebraska's limitations rules determine when Plaintiffs' claims[2] accrued.  If the claims accrued before July 14, 2006, the applicable Nebraska statute of limitations will apply.  See Whitten, 250 Neb. at 211, 548 N.W.2d at 340 ("Because application of the statute of limitations is a procedural matter, Nebraska's statute of limitations governed, rather than that of Colorado, the state where the cause of action allegedly arose.").  Only if Plaintiffs' claims accrued after July 14, 2006, will the UCLLA determine whether the Iowa or Nebraska statutes of limitations apply.  See § 25-3203 (stating that Nebraska courts generally must apply the limitation period contained in the law of the state upon which a claim is substantively based).  Because the Court determines that Plaintiffs' claims accrued in 2003, the Nebraska statutes of limitations apply.

### a.   *Breach of Contract Claim*

As a general rule in Nebraska, a cause of action accrues, and the period of limitations begins to run, when a legal right is violated, that is, when the aggrieved party has the right to institute and maintain suit.  *Irving F. Jensen Co. v. State*, 272 Neb. 162, 719 N.W.2d 716 (2006).  "A cause of action in contract accrues at the time of breach or the failure to do the thing agreed to."  *Id.* (citing *Snyder v. EMCASCO Ins. Co.*, 259 Neb. 621, 611 N.W.2d 409 (2000); *Hoeft v. Five Points Bank*, 248 Neb. 772, 539 N.W.2d 637

---

[2] Plaintiffs' claims are somewhat difficult to identify. The Third Amended Complaint alleges causes of action for breach of contract and breach of ethical duties.  (Filing No. 32 at 3.) However, Plaintiffs' brief appears to pursue only the claim for legal malpractice. (*See* Filing No. 46 at 4, 10; *see also* Filing No. 48 at 10.) The Court need not determine which of these claims is Plaintiffs' controlling claim, because the result is the same.

(1995)). "This is so even though the nature and extent of damages may not be known." *Id.* (citing *Cavanaugh v. City of Omaha*, 254 Neb. 897, 580 N.W.2d 541 (1998); *L.J. Vontz Constr. Co. v. Department of Roads*, 232 Neb. 241, 440 N.W.2d 664 (1989)). "In fact, a cause of action in contract accrues at the time of the breach or failure to do the thing agreed to, irrespective of any knowledge on the part of the plaintiff or of any actual injury occasioned to him or her." *Cavanaugh*, 254 Neb. at 901, N.W.2d 541 at 544; *see also Pennfield Oil Co. v. Winstrom*, 272 Neb. 219, 236, 720 N.W.2d 886, 901 (2006).

Plaintiffs' only potential allegation of breach suggests that the breach of contract occurred when Defendants' legal services were provided in March and April of 2003. (Filing No. 48 at 10; Filing Nos. 32 ¶¶ 23, 24.) The date Plaintiffs discovered the breach is not pled, nor is it material for deciding when the statute of limitations began to run. *See Wineinger v. United Healthcare Ins. Co.*, 8:99CV141, 2001 WL 688530, at *4 (D. Neb. Mar. 13, 2001) (stating that "the date on which the plaintiff here discovered [the breach] is immaterial for purposes of determining when the statute of limitations began to run."). Plaintiffs claim, if any, for breach of contract accrued when the Option was drafted in 2003. Accordingly, Nebraska's five-year statute of limitations for written contracts controls in this case. To be timely, Plaintiffs needed to file their action, at the latest, in April 2008. Because Plaintiffs filed this action on July 20, 2012, their breach of contract claim is time-barred and will be dismissed with prejudice.

      **b.**    ***Breach of Ethical Duties***

Plaintiffs' claims for breach of ethical duties also accrued in March or April of 2003, when the alleged malpractice occurred. As established above, the Court must apply the forum state's statute of limitations rules to determine accrual of the claim. *See*

*Nettles*, 55 F.3d at 1362 (applying the forum state's statute of limitations rules to determine the date of accrual). In Nebraska, "[p]rofessional misconduct or any unreasonable lack of skill or fidelity in the performance of professional or fiduciary duties is malpractice and comes within the professional or malpractice statute of limitations." *Nuss v. Alexander*, 269 Neb. 101, 106, 691 N.W.2d 94, 99 (2005). Thus, Plaintiffs' claim for breach of ethical duties, which Plaintiffs themselves characterize as legal malpractice, falls under the statute of limitations rules for professional negligence to determine the date of accrual.

A claim for professional negligence "shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action." Neb. Rev. Stat. § 25-222 (Reissue 2008). The statute further provides that "if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery." *Id*. "Discovery 'occurs when the party knows of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the knowledge of facts constituting the basis of the cause of action.'" *Auto Servs. Co., Inc. v. KPMG, LLP*, 537 F.3d 853, 858 (8th Cir. 2008) (quoting *Gering–Fort Laramie Irrigation Dist. v. Baker,* 259 Neb. 840, 612 N.W.2d 897, 903 (2000)); *see also Weaver v. Cheung,* 254 Neb. 349, 576 N.W.2d 773, 778 (1998) ("In the context of statutes of limitations, 'discovery' refers to the fact that one knows of the existence of an injury or damage, regardless of whether there is awareness of a legal right to seek redress in court.").

Plaintiffs discovered the existence of injury or damage, at the latest, in October 2008. (Filing No. 32 ¶ 20.) However, the date of discovery under § 25-222 is not the same as the date of accrual. Under the express language of § 25-222, Plaintiffs' claim accrued in 2003, and the statute of limitations began to run at that time. *See Rosnick v. Marks*, 218 Neb. 499, 507, 357 N.W.2d 186, 191 (1984) (stating that "we reaffirm the rule in Nebraska that a cause of action for malpractice accrues upon the violation of a legal right."). While the discovery provision in § 25-222 would allow Plaintiffs to bring their claim within one year after the discovery of the alleged malpractice, it does not change the date that Plaintiffs' claim accrued. Accordingly, Plaintiffs' malpractice claim accrued at the time the legal services were rendered in 2003. Because Plaintiffs' malpractice claim accrued before July 14, 2006, the Nebraska statute of limitations applies. To be timely, Plaintiffs would have had to file this action, at the latest, in October of 2009, a year after their alleged discovery of Defendants' malpractice. Because Plaintiffs filed this action on July 20, 2012, their breach-of-ethical duties claim is likewise time-barred and will be dismissed with prejudice.

## CONCLUSION

The United States District Court for the Southern District of Iowa's ruling that venue was improper in the Southern District of Iowa was not clearly erroneous. Further, under Nebraska's choice-of-law rules, Plaintiffs' causes of action accrued in March or April of 2003. Plaintiffs' claims were not timely filed and are barred under the applicable statutes of limitations. Accordingly, Plaintiffs' claims will be dismissed with prejudice.

IT IS ORDERED:

1. The Motion to Retransfer Case or Retain Pursuant to 28 U.S.C. § 1404(a) (Filing No. 47), filed by the Plaintiffs Richard "Bud" Steen and Lloydene Steen, is denied;

2. The Motion for Judgment on the Pleadings (Filing No. 41) filed by Defendants Robert Murray, Ryan Boe, and Lamson, Dugan & Murray, LLP, is granted;

3. This action is dismissed with prejudice; and

4. A separate judgment will be entered.

Dated this 28th day of June, 2013.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge